**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-02747

FLETCHER JONES, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED PERSONS,

Plaintiff,

v.

SISTERS OF CHARITY LEAVENWORTH HEALTH SYSTEM, INC. and INTERMOUNTAN HEALTH CARE, INC.,

Defendants.

---

## NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Sisters of Charity of Leavenworth Health System, Inc. ("SCL Health") and Intermountain Health Care, Inc. ("Intermountain"), who was granted intervention by the District Court, Broomfield, County, Colorado on May 22, 2026, hereby remove this case from the District Court, Broomfield County, Colorado, Case No. 2025CV30029, to the United States District Court for the District of Colorado under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453.

The filing of this Notice of Removal is not intended, nor should it be construed, as any type of express or implied admission of any fact, of the validity or merits of any of Plaintiff's claims and allegations, or of any liability, all of which are expressly denied, or as any type of express or implied waiver or limitation of any rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

## I. PROCEDURAL BACKGROUND OF THE STATE COURT ACTION

1. Plaintiff Fletcher Jones ("Plaintiff"), individually and on behalf of all similarly situated persons, commenced the above-captioned action in the District Court, Broomfield County, Colorado, on February 3, 2025, by filing his Complaint in the case styled, *Fletcher Jones*, individually and on behalf of all similarly situated persons *v. Sisters of Charity Leavenworth Health System, Inc*., Case No. 2025CV30029 (the "State Court Action").

2. A copy of the entire case file in the State Court Action, including all processes, pleadings, and orders served upon Defendant in the State Court Action, pursuant to 28 U.S.C. § 1446(a), as well as the Register of Actions as required by D.C.COLO.LCivR 81.1(b), is attached as **Exhibit A.**

3. SCL Health was served the Complaint and Summons on February 5, 2025. (*See* ECF Nos. 7-8.)

4. On March 25, 2025, Plaintiff filed an Amended Complaint. (*See* **Exhibit A,** Amended Complaint.)

5. Plaintiff's Amended Complaint asserts claims under the Colorado Wage Claim Act ("CWCA") (C.R.S. §§ 8-4-101*, et seq.*), the Colorado Minimum Wage Act ("CWMA") (C.R.S. §§ 8-6-101, *et seq.*), Colorado's Civil Theft Statute (C.R.S. § 18-4-405), and the Denver Civil Wage Theft Ordinance (D.R.M.C. § 58-16) for failure to pay wages due, including overtime (specifically that Defendant failed to include holiday premium pay in the regular rate for overtime), failure to provide meal and rest breaks in accordance with Colorado law, failure to pay minimum wage, and civil theft. *Id.*

6. On March 16, 2026, Intermountain filed a Motion to Intervene, which was fully briefed by April 21, 2026. (**Exhibit A**, Response and Reply.)

7. On May 22, 2026, District Court Judge Jeffrey A. Smith granted Intermountain's Motion to Intervene, which gives rise to this Notice of Removal. (**Exhibit A,** Order re Intermountain's Motion to Intervene.)

8. By removing this action, SCL Health and Intermountain do not waive any defenses or objections that they may have.

## II. GROUNDS FOR REMOVAL

### A. The Court May Exercise Jurisdiction Over Plaintiff's Claims Pursuant to CAFA.

7. Removal is proper because this Court has original jurisdiction over this matter pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453. CAFA grants district courts original jurisdiction over any putative class action in which (1) there is minimal diversity among the parties; (2) there are more than 100 putative class members in the aggregate; and (3) the amount in controversy exceeds $5,000,000, excluding interest and costs. *Id.* These requirements are met.

#### i. Minimal Diversity Exists Between the Parties.

8. CAFA requires minimum diversity among the parties. 28 U.S.C. § 1332(d)(2)(A) (providing jurisdiction over class actions satisfying the amount in controversy requirement in which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

9. For minimum diversity to exist, at least one plaintiff and one defendant must have diverse citizenship. *Speed v. JMA Energy Co., LLC*, 872 F.3d 1122, 1126 (10th Cir. 2017); *see also Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243 (10th

Cir. 2009) (noting that minimal diversity is met when the citizenship of one defendant is different from that of "one plaintiff-class member").

10. Pursuant to the Amended Complaint, Jones is a citizen of Colorado. (*See* **Exhibit A,** Amended Complaint, ¶ 1.)

11. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

12. Pursuant to the Amended Complaint, SCL Health is also a citizen of Colorado because its principal place of business is in Colorado. (*See* **Exhibit A,** Amended Complaint, ¶ 2; 28 U.S.C. § 1332(c)(1).)

13. Intermountain, a Utah non-profit corporation, is incorporated in and maintains its principal place of business in Utah.[1] (*See* **Exhibit B,** Declaration of Joseph Loosle, ¶ 5.) Intermountain is, therefore, a citizen of Utah.

14. Therefore, minimal diversity among the parties exists. *See* 28 U.S.C. § 1332(d)(2)(A).

**ii. Plaintiff Alleges a "Class Action" Under CAFA That Consists of Over 100 Putative Class Members.**

15. Under CAFA, a "class action" includes "any civil action filed under . . . [a] State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

16. In addition, jurisdiction under CAFA requires that there be more than 100

---

[1] Intermountain is an intervening defendant; therefore, its citizenship should be considered for purposes of determining whether minimum diversity is present. *See e.g.*, *Wellons v. PNS Stores, Inc.*, No. 18-cv-2913 DMS (WVG), 2019 WL 2099922, at *2-3 (S.D. Cal. May 14, 2019); *see also Alvarado v. J.C. Penney Co.*, 997 F.2d 803, 805 (10th Cir. 1993).

class members in the aggregate. 28 U.S.C. § 1332(d)(5)(B).

17. Plaintiff's Amended Complaint alleges SCL Health, and by extension, Intermountain, employs "Dr. Jones and thousands of similarly situated individuals in the state of Colorado." (**Exhibit A,** Amended Complaint, ¶ 14.)

18. The 100 putative class member threshold under CAFA is therefore met. *See* 28 U.S.C. § 1332(d)(5)(B).

19. In the Amended Complaint, Plaintiff alleges a class action pursuant to Colo. R. Civ. P. 23 on behalf of non-exempt SCL Health employees performing services within Colorado. (*See* **Exhibit A,** Amended Complaint, ¶ 37.) Accordingly, this action is properly considered a "class action" under CAFA.

**iii. The Amount in Controversy Exceeds Five Million Dollars.**

20. CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). In determining the "matter in controversy . . .the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

21. "[A] defendant seeking to remove under CAFA must show that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence." *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246 (10th Cir. 2012).

22. If Plaintiff does not state an amount in controversy in his complaint, "a defendant's notice of removal may do so." *Buscema v. Wal-Mart Stores E. LP*, 485 F. Supp. 3d 1319, 1328 (D.N.M. 2020) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014)). In such an instance, "[t]he notice of removal 'need not

contain evidentiary submissions' to adequately plead the amount in controversy; it need only include a 'plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Id*. (quoting *Owens*, 574 U.S. at 84, 89).

23. In this case, while the Amended Complaint does not specify the amount of damages sought, the Case Management Order drafted by Plaintiff's Counsel states, "Plaintiffs reasonably estimate that they are owed <u>hundreds of millions of dollars</u> in compensatory damages—plus treble damages, pre- and post- judgment interest, fees, and costs." (**Exhibit A,** Case Management Order, p. 3 (emphasis added).)

24. Though SCL Health and Intermountain deny all liability, Plaintiff's statement establishes that Plaintiff seeks much more than the five million dollars minimum required by CAFA and as a result there is "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Owens*, 574 U.S. at 89.

25. Moreover, on April 22, 2025, Plaintiff sent a mass text message to an unknown number of class members in related class actions, *Sheehy et al v. Intermountain Health Care Inc.*, Case No. 1:25-cv-00914-RMR-SBP, consolidated with Case No. 1:25-cv-02290-RMR-SBP, stating "the estimated total value of our case is 500 million dollars which includes penalties." (**Exhibit A**, Notice of Filing Emergency Motion to Enjoin Fletcher Jones & Notice of Filing Notice of Suppl. Authority.)

26. Although Plaintiff's claims of being owed "millions" is vehemently disputed, this Case Management Order, as well as his text message to an unknown number of individuals, satisfies the jurisdictional amount-in-controversy requirement for removal to this Court under 28 U.S.C. § 1332(d)(2).

27. Thus, this Court has jurisdiction over this case pursuant to CAFA.

**B. <u>This Removal Notice Is Timely Filed.</u>**

28. A case may be removed within thirty days of service of the initial pleading or, "if the case stated in the initial pleading is not removable, thirty-days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order of other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1) and (b)(3).

29. Notice that a case is removable must be unequivocal for the thirty-day statutory limit to run. *DeBry v. Transamerica Corp.*, 601 F. 2d 480, 489 (10th Cir. 1979). Therefore, the Tenth Circuit has held that "the key to determining the date from which the clock begins to run is when the defendant is able to 'intelligently ascertain removability.'" *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) (citing *Ardison v. Villa*, 248 F.2d 226, 227 (10th Cir. 1957)). A defendant is not required to investigate and determine removability where the initial pleading indicates that the right to remove may exist. *Id.*

30. Neither the Complaint nor the Amended Complaint established that the case was removable as the amount in controversy was ambiguous. (See ECF Nos. 7, 10.)

31. SCL Health and Intermountain are filing this Notice of Removal within thirty (30) days of entry of the District Court's Order granting Intermountain's Motion to Intervene, which was entered on May 22, 2026. (See **Exhibit A**, Order granting Intermountain's Motion to Intervene.)

32. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3) as it is filed "within 30 days after receipt by the defendant . . . of a copy of an . . . other paper from which it may first be ascertained that the case is one which is or has

become removable." *See, e.g.*, *Murchison v. Progressive N. Ins. Co*., 564 F. Supp. 2d 1311, 1314 (E.D. Okla. 2008) (holding plaintiff's response to request for admission qualified as "other paper" that established amount in controversy and made case removable).

**C. This Court Is a Proper Venue for Plaintiff's Claims against SCL Health and Intermountain.**

33. Pursuant to 28 U.S.C. § 1441(a), any civil action commenced in a state court asserting a claim over which the District Courts of the United States have original jurisdiction may be removed to the United States District Court embracing the state court where the action is pending. This District Court's geographical jurisdiction encompasses Broomfield County, Colorado. Therefore, this Court is a proper venue for this lawsuit.

**D. Jurisdictional Pre-Requisites to Removal Have Been Met.**

34. Pursuant to 28 U.S.C. § 1446(d), SCL Health and Intermountain are giving written notice of this removal to all parties and filing a copy of the notice with the Clerk of the District Court, Broomfield County. See 28 U.S.C. § 1446(d).

## III. CONCLUSION

Because all statutory requirements are fulfilled, this action is removed to this Court from the District Court, Broomfield County, Colorado, and it is requested that this Court assume full jurisdiction over this matter as provided by law. *See* 28 U.S.C. §§ 1332, 1441, 1446, and 1453. In filing this Notice of Removal, SCL and Intermountain reserve any defenses available to them in this action.

WHEREFORE**,** Defendants Sisters of Charity of Leavenworth Health System, Inc. and Intermountain Health Care, Inc. hereby remove this action from the Colorado District Court, Broomfield County, to the United States District Court for the District of Colorado.

Respectfully submitted this 18th day of June, 2026.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ Rebecca M. Lindell*
Marielle A. Moore
Rebecca M. Lindell
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, CO 80222
Telephone: 303.764.6800
Facsimile: 303.831.9246
marielle.moore@ogletree.com
rebecca.lindell@ogletree.com

Jason N.W. Plowman
Gateway Tower West
15 West South Temple, Suite 950
Salt Lake City, UT 84101
Telephone: 801-658-6085
jason.plowman@ogletree.com

*Attorneys for Defendants Sisters of Charity of Leavenworth Health System, Inc. ("SCL Health") and Intermountain Health Care, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June, 2026, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which shall electronically serve a true and accurate copy of the same upon Plaintiff's counsel, as follows:

Gillian G. O'Hara
Tiffanie Dee Stasiak
Kathleen F. Guilfoyle
Lisa Marie Saccomano
Kutak Rock LLP
2001 16th Street, Suite 1800
Denver, CO 80202
gigi.ohara@kutakrock.com
tiffanie.stasiak@kutakrock.com
lisa.saccomano@kutakrock.com
kathleen.guilfoyle@kutakrock.com

*s/ Madison M. Varonfakis*
Madison M. Varonfakis, Practice Assistant